|   |   |
|---|---|
| 1 | |
| 2 | |
| ... | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. JACKSON,

       Plaintiff,

  v.

TAYLOR YOUNG *et al.*,

       Defendants.

Case No.  C07-5480RBL

ORDER ON PENDING MOTIONS

       This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Before the court are three motions filed by plaintiff.  Mr. Jackson asks the court to serve the defendants in two of the motions (Dkt # 13 and 16).  The court has just ordered the United States Marshal's Office to attempt service by mail.  The motions are therefore **DENIED AS MOOT.**

       Mr. Jackson also asks the court to appoint counsel for him (Dkt # 19).  There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances.  <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Franklin</u>

ORDER
Page - 1

v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Thus, it appears that this case does not involve exceptional circumstances which warrant appointment of counsel. Accordingly, Plaintiff's Motion to Appoint Counsel (Dkt. # 19) is **DENIED**.

The Clerk is directed to send a copy of this Order to plaintiff and remove Dkt. # 13, 16, and 19 from the court's calendar.

DATED this 28 day of November, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge