UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. JACKSON,

    Plaintiff,

  v.

TAYLOR S. YOUNG *et al.*,

    Defendants.

Case No. C07-5480RBL/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:
APRIL 11, 2008**

    This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Before the court is defendants' motion to dismiss filed February 11, 2008 (Dkt # 53).

    Plaintiff has not responded to this motion and instead filed a frivolous motion for default, (Dkt # 56), and a motion asking for discovery (Dkt # 61). Neither of these filings address the pending motion to dismiss.

## FACTS

    Defendant's statement of the facts is unopposed and is adopted by the court as follows:

REPORT AND RECOMMENDATION- 1

Plaintiff, Michael A. Jackson, is a Washington State prisoner currently incarcerated at Stafford Creek Corrections Center (SCCC) located in Aberdeen, Washington. On October 29, 2007, Plaintiff filed an Amended Complaint (Dkt. 12) under 42 U.S.C. § 1983 alleging that his rights were violated by Defendants Young and Walsh for forcing him to take medications for a mental illness that he has never had and by Defendant Daniels for incorrectly refusing to categorize a piece of outgoing mail as "legal mail." See Amended Complaint, Attachment "Statement of Claim" at pp. 1-2. For relief, Plaintiff seeks from Defendants Young and Walsh: "to clear my Mental Health record of any Mental illness and medication" and $20 million in damages; and, from Defendant Daniels: $10, 000 in damages. Id. at paragraph V.

Defendant Taylor S. Young, Ph.D., is a psychologist employed by DOC, who Plaintiff alleges forced him to take the medication risperidone (sic) and that he has never been mentally ill. See Amended Complaint, Attachment "Statement of Claim" at p. 1. Plaintiff filed a grievance with a Level I response that included: "Per Psychologist 3 T. Walsh, you are entitled to decline medication at anytime." See Amended Complaint, Exhibit 1.

Defendant Roland Daniels is a Corrections Officer at SCCC, who Plaintiff alleges erred in how he handled an outgoing letter to Columbia Legal Services. See Amended Complaint, Attachment "Statement of Claim" at p. 2. Plaintiff filed a timely grievance which resulted in the following finding at Level I: "You are correct. Your letter to Columbia Legal Services was/is legal mail. CO Daniels has been informed this is legal mail." See Amended Complaint, Exhibit 2.

On page 2 of his Amended Complaint, Plaintiff indicates his awareness of a grievance process at SCCC and that he completed the process for "Log-0715599" and "Log-0715244." See Amended Complaint, § II.C. For each grievance, Plaintiff attached a one page document entitled "Level 1 – Initial Grievance." See Amended Complaint, Exhibits 1 and 2.

Since the 1980's, DOC has had an Offender Grievance Program (OGP) in effect. The OGP includes a process with three levels of review to complete a grievance. See Exhibit 1, Declaration of Devon Schrum, ¶ 3, with attachments. Plaintiff prevailed in his grievance regarding Defendant Daniels, numbered 0715599. See Amended Complaint, Exhibit 2. In the grievance regarding Defendants Young and Walsh, Plaintiff only sought review to Level II, failing to complete the grievance process. Id. at ¶ 5.

(Dkt. # 53, pages 1 to 3).

## STANDARD OF REVIEW

Defendants argue the proper standard of review for a motion of this nature is under Fed. R. Civ. P. 12 (b)(6) (Dkt # 53, page 4 citing Super Mail Cargo Inc. v. United States, 68 F.3d 1204 n.2 (9th Cir 1995)). Plaintiff has not responded to the motion. A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300

REPORT AND RECOMMENDATION- 2

(9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983).

## DISCUSSION

A. Failure to exhaust administrative remedies, (medication claims)

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

Plaintiff did not pursue his grievance regarding forced medication past the second level. He did not exhaust his administrative remedies (Dkt. # 53, Exhibit 1, affidavit of grievance program manager Devon Schrum). The motion to dismiss this claim should be **GRANTED.** This would be **DISMISSAL WITHOUT PREJUDICE.**

B. Claim regarding legal mail.

Plaintiff exhausted this claim and received relief using the grievance process. The facts are

REPORT AND RECOMMENDATION- 3

1  simple.  Plaintiff attempted to mail a letter to Columbia Legal services and was told by Daniels the letter
2  was not legal mail.  Plaintiff filed a grievance and the decision of the officer Daniels was reversed.
3  Plaintiffs' mail was recognized as legal mail.  Defendants argue:

> The Civil Rights Act, 42 U.S.C. § 1983, is not merely a "font of tort law." Parratt, 451 U.S. at 532. That plaintiff may have suffered harm implicating a recognized liberty interest, even if due to prison staff's negligent conduct, does not in itself result in an abridgment of constitutional protections. Davidson v. Cannon, 474 U.S. 344, 347-348 (1986).
>
> In Davidson, the inmate had been assaulted by another inmate and seriously injured two days after he had told two prison staff of a threat by the other inmate. Id. at 345-346. The inmate filed a § 1983 complaint alleging violation of his rights under the Eighth and Fourteenth Amendments. Id. at 346. The Fourteenth Amendment forbids a state to "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. The U.S. Supreme Court clarified the limits of protection: "(r)espondents' lack of due care in this case led to serious injury, but that lack of care simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent." Id. at 348.
>
> In stark contrast to the serious harm caused to the inmate in Davidson, the Plaintiff here has alleged no constitutional deprivation and no harm as a result of one letter not being declared "legal mail." See Amended Complaint, Attachment to paragraph IV, Statement of Claim, p. 2. Here, Defendant Daniels' mistake was most likely not negligent, but inadvertent and nowhere near the type of "abusive government conduct that the Due Process Clause was designed to prevent." Id. Hence, in concert with Davidson, Plaintiff did not suffer an abridgement of any constitutional rights, has failed to state a § 1983 claim and his Amended Complaint should be dismissed.
>
> In addition, Plaintiff fails to state a claim under the Due Process Clause of the Fourteenth Amendment because he successfully utilized the DOC grievance process. He prevailed at Level I and Officer Daniels was instructed of his error. Hence, the process worked the way it is intended. Hence, Plaintiff also has no due process claim to meet the second element of a claim under 42 U.S.C. § 1983.
>
> If Plaintiff is making an inferred due process claim, it is devoid of merit. He fails to allege that Defendant Daniels deprived him of any life or liberty without due process. On this basis and the failure to allege deprivation of any constitutional right, Plaintiff's complaint should be dismissed for failure to state a claim for which relief can be granted.

22  (Dkt. # 53, pages 7 and 8).
23  Plaintiff has not responded to this argument.  Local 7 (b)(2) states that failure to file papers in
24  opposition to a motion may be considered by the court as an admission the motion has merit.  The court
25  adopts defendants' argument as the motion is unopposed.  This claim should be **DISMISSED WITH**
26  **PREJUDICE.**
27  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
28  REPORT AND RECOMMENDATION- 4

Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 11, 2008,** as noted in the caption.

DATED this 14 day of March, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate

REPORT AND RECOMMENDATION- 5